PLINY FREEMAN, Respondent, *v.* ISAAC C. KENDALL, Appellant.

An appeal will not lie to this court from a judgment of the Supreme Court upon an award of arbitrators. The proper method of review, if such judgment is reviewable in this court, is by writ of error.

*Isaacs* v. *Beth Hamedrash Society* (19 N. Y. R., 584), followed.

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial district affirming an order of the Special Term upon an award.

The respondent and the appellant entered into arbitration bonds, submitting matters in difference between them to William Harsell, as arbitrator.

The arbitrator made his award in favor of the respondent.

The appellant, upon the papers and notice of motion, applied to the Special Term of the Supreme Court, held in Kings county, for an order vacating, modifying or correcting the award. The papers on the motion, and the affidavits read in opposition to the motion are set forth.

The Special Term made an order modifying and correcting the award in two important particulars, but refused further to modify or vacate it.

The appellant appealed to the General Term held in and for the second judicial district, and the order of Special Term was affirmed.

From that judgment the appellant appeals to the Court of Appeals.

PER CURIAM—HUNT, Ch. J. The point that an appeal will not lie to this court, from the judgment in this case, is well taken. It was so decided in *Issacs* v. *The Beth Hamedrash Society* (19 N. Y. R., 584). The remedy, if any, should be by writ of error.

The Revised Statutes provide that where an award is made in the prescribed form, upon a submission which contains an agreement that the judgment of any court of law, to be designated in the instrument, shall be rendered upon the award, the court has power to vacate, modify or order judgment upon the award. (2 R. S., 541–543.) It further provides that when a writ of error shall be brought on such judgment, certain papers shall be annexed, " and the court to which such writ of error shall be returned, shall reverse, modify or amend, or affirm such judgment, or any part thereof, according to justice." (Section 17.) Under this statute, the practice was established of bringing a writ of error in cases like the present. (*Hollenback* v. *Fleming*, 6 Hill, 303.) By the section 323 of the Code, it is provided that " writs of error in civil actions, as they have heretofore existed, are abolished, and the only mode of recovering a judgment or order in a civil action, shall be that prescribed by this title." The present, however, is not an order or a judgment in a civil action. No action has been brought in the matter. (Code, section 2.) That the form of an appeal, as a substitute for a writ of error, was not intended to be given in such a case, is made evident by the provisions of section 471. It is there enacted, that until the legislature

shall otherwise provide, the second part of this act shall not affect proceedings provided for by * * * chapter eight of the second part of the Revised Statutes.   The second part of the Code is the one containing the authority to review by appeal, and chapter 8 of the Revised Statutes is the one authorizing a review of proceedings on an award by writ of error, to which reference has already been had.

It is not necessary to decide whether this is a final order affecting a substantial right made in a special proceeding. (Section 11, subdivision 3.)    The other provisions cited control the decision.

The appeal should be dismissed with costs.

All concurring, appeal dismissed.

*D. P. Barnard,* for the appellant.

*William Fullerton,* for the respondent.